# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Tiffany Hinojos and Megan Huish, | 2:06-CV- 0108 JCM (RJJ) |
| Plaintiffs, | |
| v. | Date: N/A |
| | Time: N/A |
| The Home Depot, Inc., et al., | |
| Defendants. | |

**ORDER**

Presently before the court is defendant Home Depot's motion to strike or in the alternative motion in limine to exclude non-party declarations and portions of plaintiffs' declarations (#37). Plaintiffs filed a response (#44) on June 6, 2006, and a reply (#49) was filed on July 12, 2006.

Home Depot argues that the declarations of Jose Hinojos and Laura Hinojos should be struck because neither is a party to the litigation and their declarations offer no competent evidence in connection with this proceeding.

Jose Hinojos became a salaried assistant store manager on March 26, 2001, and Laura Hinojos was terminated on August 17, 2002. Neither person was employed by Home Depot on an hourly basis during the relevant Fair Labor Standards Act ("FLSA") period, which for potential parties who have not yet filed consent forms is April 13, 2003. The declarations of Jose Hinojos and Laura Hinojos are not relevant to this case and thereby should be excluded.

**James C. Mahan**
**U.S. District Judge**

1    Home Depot further argues that statements within the declaration of Jose Hinojos, Laura
2 Hinojos, and other named and opt-in plaintiffs lack foundation or are based on inadmissible hearsay
3 and should not be allowed.

4    For notice to circulate under 216(b) of the FLSA, plaintiffs must show through admissible
5 evidence that they and the putative class members are subject to a common policy or plan and
6 therefore are similarly situated. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862 (S. D. Ohio
7 2005). In *Harrison*, the court struck statements in declarations concerning what the declarant heard
8 from other employees about hours being miscalculated as inadmissable hearsay.  "The court finds
9 that hearsay statements cannot be considered in connection with a plaintiff's 216(b) motion for the
10 purposes of determining whether other employees are similarly situated.  *Id.* at 866.

11    Upon review of Home Depot's motion to strike or in the alternative motion in limine to
12 exclude non-party declarations and portions of plaintiffs' declarations (#37), all relevant documents
13 in this matter, and for good cause shown;

14    IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED Home Depot's motion to
15 strike or in the alternative motion in limine to exclude non-party declarations and portions of
16 plaintiffs' declarations (#37), be, and the same hereby is, GRANTED as to the motion in limine and
17 DENIED as to the motion to strike without prejudice.

19    DATED this 23rd day of February, 2007.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -